Good morning. Good morning, Your Honor. Frederick Douglass, on behalf of the Appellate Federal Express Corporation, also with me is Mr. David Billions. May it please the Court, I'd like to reserve, if possible, two minutes of my time for rebuttal. This dispute arises out of a September 8, 2006, subpoena enforcement order issued by the United States District Court for the District of Arizona, granting the EEOC subpoena enforcement action after the agency lost jurisdiction. Since filing this appeal, FedEx has provided the personnel database description sought by the EEOC in a different matter, essentially rendering this process and this matter moot. Should the Court distinguish its opinion in EEOC v. St. Regis and want to consider the merits of our appeal, your ruling on the merits will have to address whether an indefinite and never-ending investigation was ever intended by Title VII after the charging party not only received the right to sue, but also filed a lawsuit encompassing all of the claims and allegations in this charge. There are two issues I want to address today. First, mootness, and second, I want to address the merits of the case. With respect to mootness, the appeal is moot because FedEx produced the information requested in the subpoena when it responded to identical subpoena in another EEOC charge out of the same EEOC office, the Paul Chiquette matter. The Chiquette subpoena was issued out of the same EEOC office requesting the identical same information, and we produced the information in that case. No effective relief can be given simply because if we lose on this appeal in order to identify the information, FedEx has already identified the information. If we prevail, then literally there's nothing else for us to produce. In its opposition to our motion to dismiss, the EEOC seeks an improper advisory opinion, and if the Court would like at a later time, I would be more than happy to address that. Turning now to the merits of the case, the issue in this case is a pretty simple one, pretty narrow issue, and that is whether the EEOC has jurisdiction to continue an indefinite and never-ending investigation after issuing a notice of right to sue and the charging party files a lawsuit on that notice of right to sue, and the lawsuit asserts the same allegations contained in the charge. The courts addressing this narrow issue have unanimously held that the EEOC's authority to investigate a charge terminates with the filing of the lawsuit because the primary purpose behind Title VII is voluntary resolution of charges of discrimination. It was Congress' intent that the parties get together and try to resolve without an enforcement action, but once an enforcement action is filed, as the Fifth Circuit has said in Hearst, the Eastern District Court has said in the Freddie Mac opinion, and as the Southern District of California has said in a Home Depot case, once a lawsuit is filed, the enforcement scheme of Title VII is no longer applicable. The existence of jurisdiction is a prerequisite to continuing on with an investigation. And again, here in this case, not only did Mr. Brown have a notice of a right to sue, but he actually sued, and his lawsuit was made part of a class action. All of the issues, claims contained in his charge were fully litigated in the lawsuit. Is that class action still ongoing, do you know? Yes, Your Honor, I do know the answer to that question. The class action has been resolved and right now it has been settled, and there is a consent decree in effect. The consent decree has already been issued? Yes, it has, Your Honor. Does that consent decree cover the entire class that was originally brought forward in the charge? Yes, it does, Your Honor. Specifically, the consent decree. Mr. Merritt's charge dealt with issues of promotion, discipline, and most importantly, the basic skills test. And the consent decree ordered by Judge Osten in the Northern District of California addresses and covers all three of those areas. Now, the Supreme Court and Occidental Life Insurance clearly identified that the number one purpose of Title VII was to try to bring the parties together to effectuate equal employment opportunity through mediation, through conciliation. The EEOC's position of indefinite and never-ending investigatory power, even after a person files a lawsuit, is inconsistent with Title VII's intent. Finality of settlement, something that Congress always intended, will be made enormously difficult, simply because it is difficult for the parties to come together, reach a resolution, while the EEOC claims that it has the authority to retain jurisdiction, to expand the scope of the charge, even though the parties may very well want to resolve a matter. Why wouldn't we defer on something like this, which there may be some ambiguity or uncertainty, obviously, or we wouldn't be here. Why wouldn't we defer to the EEOC's interpretation on this point? Your Honor, the EEOC's interpretation on this point, first of all, is not reasonable. And second of all, Your Honor, it's an invalid expansion of regulatory authority. The EEOC's regulation on this point is very clear. The EEOC's regulation, 29 CFR 1601.28 sub A3, does give the EEOC the authority to continue processing a charge, even after the employee receives a notice of a right to sue. We don't disagree with that. That is what the regulation says. Well, you disagree with their interpretation of what processing means, right? Well, processing can mean different things to different people. But what is clear, processing definitely does not mean filing a lawsuit. Filing a lawsuit is not mentioned in the regulation. The EEOC does not specifically... But they haven't filed a lawsuit yet. The EEOC has not, but the charging party in this case on these facts filed a lawsuit. Our issue with the EEOC is not the fact that it can continue investigating when there's no lawsuit filed. That's consistent with its regulation. What they're trying to do is to expand the regulation in direct contradiction to the clear meaning of Title VII. Remember, Title VII says... Expanded how? Expanded how? ...even after the charging party files a lawsuit. Doesn't that come within processing? No. The EEOC uses different words in its regulations. It does use the word processing. But also, in the very next section, it uses the word lawsuit. And there's no, the EEOC has not pointed to any judicial decisions, any other provisions in its regulations, essentially merging those two words. Which section are you referring to with lawsuit? One moment, Your Honor. Lawsuit is specifically mentioned in subsection B, where they... I'm sorry, it's civil action that is actually mentioned in subsection B, Your Honor. So the EEOC uses processing when it's talking about... And if you take a look at sub A, the heading of subsection A is issuance of notice of right to sue upon request. It's not about a lawsuit. That section is dealing with processing of a charge. Section B actually deals with a lawsuit, and it uses civil action. So it's unreasonable for the EEOC to all of a sudden try to reinterpret its regulations to mean that processing actually means the filing of a lawsuit. Let me just step back. Counsel, Judge Gould, I've got a question. Did I read in your brief that your position, or FedEx's position, is that they could file a lawsuit after a lawsuit is filed? Oh, absolutely, Your Honor. If the EEOC could file a suit after the individual had filed a suit, does it make sense to say they can file a suit, but they can't have an investigative subpoena? Well, Your Honor, under the facts of this case, it's always been our position that, yes, the EEOC has certain remedies. A commissioner charges one, and as the court has acknowledged, another option is to actually file a lawsuit. In addition to filing a lawsuit, the EEOC can also intervene in a lawsuit. The statute, the fundamental purpose of Title VII is a multi-step enforcement procedure, primarily to bring the parties together to resolve it. The problem with allowing the EEOC to issue a notice of right to sue, having a charging party file a lawsuit, and then leaving it open, is the issue of closure, whether we will ever be able to bring to a close a dispute that's pending in federal court. Let me go back to the language of the regulation. It basically says once they issue a notice of right to sue, it terminates further proceedings, unless somebody decides at that time, or at a later time, that it would effectuate the purpose to further process the charge. So that doesn't really have anything to do with filing a lawsuit. It has to do, it's triggered by the right to sue letter. Exactly, Your Honor. But why then, what in, you're saying that's an unreasonable regulation? We're saying it's an unreasonable interpretation for the EEOC to say that the provision that the court just pointed out is the EEOC, the unlimited right to continue investigating even after the charging party has filed a lawsuit. This particular provision does not grant the EEOC the right to continue investigating after a lawsuit is filed. It is literally, and if we take a look at the caption, issuance of notice of right to sue under sub A, it's dealing with the notice of right to sue. We don't dispute that the EEOC can continue to investigate if the charging party has not filed a lawsuit. Our issue in this case is very narrow. Now, with respect to our position in this case, Your Honor, our position essentially is to try to... Let me just... Sure. The right to sue basically just means that the EEOC is taking the gloves off or the restrictions off the individual party, correct? Sometimes it's at the party's request, correct, Your Honor. But in any event, there's no longer a bar or a barrier to that person going forward individually. That's correct. That's going to be practical effect. That's correct, Your Honor. I'm a little hard pressed to know why the EEOC has to go further. You're saying, of course, well, then the person goes and files their lawsuit, and that should really be a bar to anything further by the EEOC. But this is basically saying, look, once we issue the right to sue letter, it doesn't necessarily mean that we're dropping everything. So it's not contingent on filing suit or not filing suit. Your Honor, exactly. The regulation should be read as the regulation is written. The regulation is written literally gives the EEOC the right to continue processing the charge. However, once a lawsuit is filed, that is in direct contradiction to the wording of the statute. Now, Title VII requires... Okay, what part of the statute is it? Your Honor, I'm looking at Title VII, specifically 2005E5 sub B. It's a very long statute. Actually, Your Honor, I will make reference to the last sentence in subsection B of Title VII, where Congress said the commission shall make its determination on reasonable cause as promptly as possible. Shall is not discretionary. It's mandatory. Promptly as possible cannot, by any stretch of the imagination, mean an indefinite, endless investigative process. In the EEOC's briefing material, it is their position that the EEOC doesn't have any time restraints. Well, we don't believe that's true when you read... But you wouldn't need... In other words, you could both be right on this. You could be right that there's got to be some time restraints and there could be some limit on how long they could go, and you'd have a case that would say, well, look, promptly can't mean forever. That's correct. But we don't have a forever case here. We don't have a forever case here, Your Honor, but as the Court knows, the decision reached by this panel will certainly impact employers in the Ninth Circuit, if not beyond the Ninth Circuit. But what this Court has said in its St. Regis decision, this Court has said promptly means speedy. It is not an indefinite, endless investigative process. Promptly is important for public policy reasons. Although the EEOC may take the position that it can investigate this thing for the next three years, for public policy reasons, Your Honor, it's important that investigations do come to an end. Why? Because the memory of witnesses fade, unfortunately. Or fortunately, people retire. Sometimes people pass away, evidence is lost. Most of the evidence that's needed for trial actually comes from the memory of witnesses. So when Congress inserted the words promptly as possible, I don't believe that that was ever intended to mean an indefinite, never-ending investigation as contemplated by the EEOC. And must certainly is not discretionary. Counsel, Judge Gould again, if I could ask you a question. Your argument persuades me that you can't, the EEOC couldn't have an endless, interminable, or indefinite process that would, you know, go on unreasonably. But can we make that assessment here? It seems like the issue posed is not whether they can go on endlessly or unreasonably, but whether they must come to full stop once a lawsuit is filed. Your Honor, that's a very good question. And I think the answer to the Court's question was addressed in the Hearst decision. I'm sorry, the Hearst decision. It was addressed in the Freddie Mac decision out of the Eastern District of Virginia. And also the Home Depot decision out of Southern California, where those courts addressed this very same issue. And those courts focused their analysis on what was the intent of Congress, was to try to bring it to a close as soon as possible. What is it about the legislative history of the statute, in the statutory scheme of Title VII? What is it about that process that would lead us to conclude that the filing of a lawsuit should be the ending period of the EEOC's investigation? And this is the conclusion that those courts reach, that once an individual decides, I want to file a lawsuit, I want to retain competent counsel, once they make that decision, there is no further need for the EEOC to be involved in mediation, to try to bring the parties together, because the charging party, remember, Title VII was written more for those persons who were aggrieved, who were suffering under race discrimination, it's because the charging party made the decision, this is the approach I want to make. And once the charging party has stood up and decided, this is the approach I want to take, the Fifth Circuit and Hearst and the other two district courts made the decision that this is the better approach, because there has to be some end to it. No court wants to handcuff the EEOC. I know in the briefing material of the EEOC that they spend a lot of time talking about the good policy things that they're required to do. That is not at issue here. All purpose here is to say that once a lawsuit is filed, an investigation has to come to an end. Otherwise, Your Honor, it will be a never-endless, very difficult time to resolve matters. I have some questions on mootness, but I'm wondering if you want to reserve your time We can hear from the EEOC and then I'll ask you later. I would like to reserve my time, if at all possible. One last point I do want to make. We've been very careful in our briefing material to point out the fact that if this court forecloses the processing of a charge after a notice of right to sue and a lawsuit is filed, the EEOC will not be handcuffed in any way. The EEOC can certainly continue with a commissioner's charge, which is clearly identified in the statute. The EEOC has a right to intervene in lawsuits. And not only that, but the EEOC can bring its own lawsuits. With respect to the issue of intervention, if a charging party asserts, let's just say, in his charge of discrimination, both class-wide claims and individual claims, but decides to only sue on individual claims, the EEOC can intervene on behalf of the class. And so the EEOC has remedies available to it that were designed by Congress that actually effectuate the intent of the statute. I'm down to a minute and 18. I'd like to reserve the balance of my time. You may. May it please the Court. My name is Susan Oxford. I represent the Equal Employment Opportunity Commission as appellee in this case. And I would like to address both the mootness and the merits     in turn. First of all, this issue is not moot. FedEx has made it clear that the legal issue before this Court is not primarily focused on a particular subpoena and whether or not the information sought in that particular subpoena is proper or relevant or those kinds of questions. Federal Express makes it clear in its opening brief and eminently clear in its reply brief that there is a legal issue before this Court that it contends, as Mr. Douglas just explained now, that the EEOC has no legal right to pursue an investigation after the EEOC issues a right to sue notice and the charging party files a lawsuit. And that legal issue is very much alive. A decision from this Court on that issue will not be an advisory decision. It will be more in the form of a declaratory judgment which is a form of relief that courts do. And there's a certain aspect of it that seems like look, we kind of all like to get this thing resolved and we'd like to get a decision that's binding. But at the heart of it, this is a case to enforce an administrative subpoena, right? Yes. So the first question is have the documents been turned over? And on that point we are still trying to ascertain whether the information that Federal Express provided to us in response to a different investigation whether that is responsive to what we requested in this investigation. Mr. Merritt's charge generated a subpoena which Federal Express has never responded to but of course if we have the information through another source, then we have the information. The Cicchetti investigation Federal Express tells us that it finally provided all of the information we asked in response to an identical subpoena in that investigation that they finally provided the last piece of it in late March. But we are still going through that information to ascertain whether it's true that it in fact is responsive to that subpoena. Let me just ask you to assume it's true just for purposes of talking. So let's assume that everything that they've now provided is everything that was within the scope of this other subpoena. Why isn't the case moved? Because the parties because the reason that Federal Express has refused to provide the information in response to the Merritt subpoena is because it refuses to comply with the Merritt investigation and that investigation is ongoing. And that should have been clear from the record anyway but to make that eminently clear in response to Federal Express' motion to dismiss this move we've provided the affidavit of the Assistant Director of the Phoenix District Office for the EEOC explaining once again that the Merritt investigation is ongoing and the claims that Mr. Merritt raises in his charge are different and are broader than the claims that were raised in the other charging parties, Mr. Cicchetti's charge. So there's no basis to think that our investigation that we will cover the same ground by simply moving forward in the Cicchetti investigation. Federal Express by saying they will not comply with the investigation and by bringing this appeal they were able to bring a halt to us moving forward in the Merritt investigation in fact it's ironic that Mr. Douglas chose to argue to this court that EEOC is obligated to investigate charges promptly because what FedEx did by then bringing this appeal is put a more than two year halt on our investigation we were not able to move forward because the district court after enforcing after ordering FedEx to comply with the subpoena the district court then stayed its order so there was no point in EEOC even once we had some of the information in response to the Cicchetti investigation there would have been no point for us filing a second subpoena in the Merritt investigation because FedEx had said they would not comply and the district court had already stayed the first order of enforcement so rather than I think it might have even been considered an abuse of the district court's time to have brought a second matter before it we waited for the orderly process of this court to render a decision on the Merritt so that we believe it would be in our favor so that FedEx would then be advised it must comply with our investigation and that is the crux of what's at issue here and FedEx's reply brief makes that eminently clear it's not a particular subpoena it is the legal issue of whether or not we can continue with an investigation this court has said in a number of contexts involving subpoena enforcement actions that it will go ahead and decide a matter even after a respondent has provided the information to the federal agency the investigating agency that this court will provide will rule on the matter anyway because a ruling could have collateral consequences and although the decisions where that phrase is used do not explain exactly what that's meant as we pointed out in our opposition to the motion to dismiss at pages 11 and 12 the courts that have used that phrase have looked to unresolved legal issues just like are present here and have rendered a decision on the Merritts of clarifying the federal agency's investigatory powers so that the parties could then go back and complete their investigation and I'm referring specifically to FDIC v. Garner and Reich v. Montana Sulphur and Chemical Company I think those cases are extremely instructive those cite to Alyaska which nobody seemed to discuss in their brief as the foundational reference for this whole point about collateral consequences I mean I think in Alyaska when they it was an enforcement of a subpoena and the collateral consequence they said just because you comply with subpoena doesn't make it moot because basically a reversal would result in return of the document so I guess it's consistent with your argument but I'm kind of surprised that nobody cited that because we seem to have some tension in our case law potentially between St. Regis and these cases you're now talking about and I think the difference in St. Regis and you can tell the court's opinion is quite short in that case and it's hard to know much about the background but in that case the EEOC contended that we were completely satisfied with the documents we had received that in our view there was no ongoing controversy and as far as I can tell St. Regis was no longer contending that it should not comply with the EEOC's investigation which it had been at the outset and so I think that case is very different than what we have here and in furtherance of the public interest I think this court has noted particularly those two cases that I mentioned where it is important to render a decision so that the parties can then proceed forward and if I could just one other case that the parties have cited on the merits but it actually has some relevant language on this in EEOC versus Children's Hospital Medical Center in that case there was an issue relating to the EEOC's authority to continue investing a case after the charging parties had previously reached a consent decree with the respondent employer and whether or not the EEOC could investigate new allegations, new discrimination that had arisen or whether the parties were limited to the remedies under the prior consent decree and this court held that in an en banc decision that yes the EEOC could proceed forward with its investigation the related issue was whether the charging parties themselves could file a second lawsuit based on new forms of discrimination or whether they were limited to the remedies and the parties had briefed that and the majority of the en banc panel did not decide that. Five of this panel's colleagues would have gone on to decide that decision and Judge Fletcher says in particular that issue in his concurring opinion that issue has been fully briefed and argued requires no further factual development for its resolution considerations of judicial economy as well as fairness to the parties compel my view that we should not put these litigants in the place of a year at the end of a string and that's at 719 F2 at page 1431 it's that same consideration that we would ask this court to address the merits and issue a ruling on this otherwise we're faced with the prospect of issuing another subpoena which FedEx has indicated it will most certainly refuse to comply with and going through the process again before the district court ultimately to appeal before this court. Well that would then get us, let's just say that they had turned over all the documents in the initial subpoena but now you want additional or other documents so that's your second subpoena which brings us to their argument that you're already beyond your statutory authority so if you would address that argument. Yes primarily there's nothing in the statute that says the EEOC cannot file a lawsuit after a charging party has filed a separate lawsuit and particularly let me narrow the issue here, factually I'm going to have to ask Mr. Douglas but I heard him to say that I thought he said that the EEOC could file a lawsuit but that the gate went up because the individual filed the lawsuit, he said the EEOC could file a lawsuit intervene, have a commissioner charge he may have said one other one but he said those would all be fine but it's because the individual filed the lawsuit so why is that so there's nothing in the statute that says that there's no statutory language that says that Federal Express relies primarily on the Fifth Circuit's decision in the Hearst case the only court of appeals decision to address this and in Hearst the court primarily talks about the policy consideration of not subjecting a respondent employer to duplicative proceedings administrative and judicial simultaneously so we believe Hearst was wrongly decided and we explain that in our brief but I'd like to focus right now on the fact that that is the primary argument that Federal Express makes that duplicative proceedings both in the administrative forum and in court are something that Congress would not want a party to undergo well that's not what we have here the satchel litigation settled last August in fact given how much Federal Express relies on the existence of the satchel litigation and that is the lawsuit that Mr. Merritt joined on how much they rely on that in their brief it's surprising that they didn't notify this court when the case settled last August, August 2007 and with that case resolved there's no duplicative proceeding for the EEOC to go forward but there are very good reasons for the EEOC to go forward and that is because our investigation would not be resolved, they have brought relief $53 million and very extensive injunctive relief for Federal Express employees in 11 western states on a practice that Federal Express admits has been nationwide and tells us that it voluntarily discontinued in May of 2007 so the use of the basic skills test as a promotional tool is something that Federal Express admits it was doing nationwide it discontinued in May of 2007 the satchel litigation addressed that and several other issues that are in Mr. Merritt's in his charge addressed that for 11 states and left no relief for Federal Express employees in 39 other states and that's the focus of the EEOC's investigation there's absolutely no statutory language or congressional purpose that could be gleaned from Title VII that would prevent the EEOC from investigating the charges and attempting to obtain relief for the Federal Express employees who have been subjected to discrimination in those other 39 states and in fact, Title VII says we shall make an investigation and we shall take steps to try to prevent and eliminate discrimination now, Federal Express had said also in its arguments, in addition to the fact that it should not be subjected to duplicative proceedings which is no longer an issue at this point they said that EEOC has a number of other alternatives available to it none of those are available to us at this point they might have been available at some earlier time and I'll explain why they're highly less desirable but those are the filing of a commissioner's charge it's the EEOC's understanding that a commissioner's charge must be filed within 300 days of a discriminatory act just as any other charge must be filed within 300 days of a discriminatory act Federal Express discontinued the basic skills test in May of 2007 those 300 days ran in March of 2008 we cannot file a commissioner's charge on that Federal Express says we could solicit a Federal Express employee in another part of the country to file a charge but for the same reasons, that time has now elapsed we cannot get another person to file a charge to challenge this practice they say that we could intervene in the Satchel lawsuit we cannot intervene in the lawsuit because that's ended almost a year ago we would have had no reason to intervene it before then because the private counsel were completely competent to litigate that case there's nothing we could have added to the scope of that suit which was the 11 western states the only purpose we could serve would be to expand the lawsuit now it's extremely unlikely that the district court would have allowed us to intervene which by the way, we don't have a right to intervene it's by permission of the district court I think it's extremely unlikely the district court would have let us in and then permitted us to expand the suit you can't do a lot of these things because you chose not to, correct? and I'll tell you why we chose not to next that's sort of maybe internal policy but if you have various options available and then choose not to go down that route that doesn't really explain to me why you have the continuing authority on investigation they don't seem to me to be responsive to one another well I did want to respond those are arguments that Federal Express makes in both its opening and reply brief and again this morning so I did want to respond to those that those are unavailable to the EEOC the reason that we did not do them is because we had Mr. Merritt's charge and at any point that we investigate a charge filed later than that there are victims of discrimination for whom we cannot seek relief Title VII limits back pay relief to two years prior to the filing of the charge and that doesn't matter if the charge was filed by an individual or by a commissioner, an EEOC commissioner as a commissioner's charge two years from the filing so for any other charge that we investigate that was filed after Mr. Merritt's charge which he filed in November of 2004 anything else we are losing victims of discrimination and we cannot provide relief for them and that is why we didn't, that's the policy reason based on the statute but the legal reason and I hear your honor saying but why, what are the legal arguments that the EEOC can yeah because you're getting, you're saying you knew at the outset that the statute of litigation was 11 states yes right, so your effort is to try to expand that and that is our investigation, right, we are investigating for the remainder of the country for the remainder of the country and you're using this investigation to do it Mr. Merritt's charge, right which we are absolutely allowed to do and that's well recognized by the courts that we can investigate matters that are like and related and would reasonably arise out of the charge and that's what the district court recognized in its order enforcing the subpoena that this raised the specter of a nationwide investigation okay, so what then, what's the end game of a continuing investigation using his charge if you can't intervene in the other one you can't use the commissioner's charge would it be that you would have to file suit that would be the ultimate recourse we have every reason to think that Federal Express would want to conciliate with us if they have already settled the satchel litigation if we investigate and we identify additional victims of discrimination one would assume that they would want to come to the table and sit rather than go through the process of litigation so the amici argue that in their brief what would be the point of an investigation beyond the charging party filing a lawsuit because there would be no incentive for an employer to conciliate with the EEOC and that's absolutely not true we think that responsible employers would want to sit down if there are unresolved claims of discrimination that we have found to be verified in our investigation let me just ask another practical question one of their concerns is that these investigations could go on forever you have Mr. Merritt's case going over here through the federal courts and then over here you have this separate path of more subpoenas, more information trying to establish a broader base for relief would the statute limitations and other time limitation statutes make it such that you couldn't as a practical matter keep that investigation going forever or in your view could it go on forever well no, it would not go on forever it would go on until we had obtained the information we needed from Federal Express to ascertain the validity of the charges and so that's what defines the scope of an investigation I mean what if it wasn't maybe it's easy to find out if they have these tests or not but maybe there are some other charges that aren't so easy to find out could it go on for 5 years, could it go on for 10 years it could, the title 7 did not put a time limit on the EEOC's investigations but do you have a time limit on your ability to file suit on these underlying charges no, we do not charging parties have a time limit so in other words there is no congressional policy in your ability to file suit that would be a foul of a continuing investigation that is correct there is nothing in title 7 that addresses that do you have any additional questions Judge Gould thank you may it please the court in my 1 minute and 16 seconds left I'd like to address 4 issues the facts, the smoothness, the Hearst decision nationwide and the question that the court raised about the end game first of all the facts Mr. Merritt filed a charge in December 2004  the EEOC did not even request an end game the EEOC did not request information from Federal Express until 7 months later with respect to Mr. Merritt joining the Satchel case he joined the Satchel case in October 2005 the subpoena that's at issue today was not even served on Federal Express until 4 months after he joined the lawsuit so for the EEOC to suggest that FedEx was dragging its feet is pretty disingenuous with respect to the smoothness issue the reason why we did not address some of the different theories on the issue of smoothness is because we believe that this panel addressed the smoothness issue in the St. Regis case it dealt with the EEOC it dealt with the subpoena it dealt with the employer producing documents after the enforcement action and we believe that the St. Regis case but in this case you don't want to comply with the subpoena you've declined to comply with the subpoena that is correct Your Honor now you're saying well as it turns out these documents surfaced over in this other litigation but if the EEOC wants additional documents or different documents which it would do under the Merritt charge I assume the EEOC would take the position that the FedEx would take the position that you didn't have an obligation to respond to that subpoena either well the problem that the court has recognized we have resolved Merritt, the Merritt issue he has received his right to sue, he has sued we have resolved that issue we cannot anticipate whether or not we will produce documents in response to a subpoena we have not seen now one thing that's clear your legal position is there's no authority for the EEOC to have this continuing investigation and if you're correct on that then you wouldn't have to respond to the subpoena that is correct but from a practical everyday standpoint we produced the documents, we produced the information that the EEOC requested in the Chiquette matter which was also going on at the same time they're now saying we haven't had time to figure out exactly if they have so if that were the final answer and I don't know if it is or isn't it would seem to me we would have to give the parties time to determine that because otherwise you say yes, they say no we're not a fact-finding body and the court could always remand it to the district court for further findings and I'm very confident that the EEOC will have to come back and say yes, we have the information remember what they requested, the Tyrone Merowit charge was limited to the western region the subpoena that they served four months after he filed his lawsuit requested information nationwide that was the fundamental basis of our objection the Chiquette subpoena was a nationwide subpoena and so we responded to that one they received the information and we're very confident that if this court remanded to the district court that the EEOC will have the information with respect to the Hearst case the Hearst case addresses the exact same issue today it deals with the exact same agency it discusses the exact same statute, Title VII it addresses the exact same regulation whether or not the EEOC can continue processing the charge dealing with the endgame, that's the problem there is no endgame we resolved the matter with Mr. Merowit he's still working, he's moved on we're under a consent decree but I'm kind of surprised the investigation is still open under the Merowit charge when will it be over with my parting word is this the decision of this panel impacts small employers and large employers Title VII, as the panel knows, covers employers with as few as 15 employees imagine a ma-pa shop being faced with an EEOC being faced with litigation and the EEOC continuing to investigate on that charge after a lawsuit has been filed impossibly settled for something that it might find two, three, five years down the road there are significant public policy aspects to this decision and we request that the court grant the relief that we are requesting thank you very much for your time I'd like to thank both counsel for your argument and also for the briefing yes, did you have one last point what does it relate to a factual misrepresentation it's something that's represented in the reply brief inaccurately as well and that is that the EEOC asked for no information until the subpoena was issued in the Merowit investigation and on page 5 of FedEx's brief they list the dates on which we asked for things shortly after the charge was filed and those dates are accurate well we have the records so we'll go back and look at that thank you the case just argued is now submitted EEOC vs FedEx and we adjourn for the week
judges: Tashima, McKeown, Gould